```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF OKLAHOMA

ROBERT W. SEVERN,              )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-07-017-RAW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )
```

**REPORT AND RECOMMENDATION**

Plaintiff Robert W. Severn ("Claimant"), appearing *pro se* in this review, requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not qualified to receive disability benefits. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on September 8, 1948 and was 58 years old at the time of the ALJ's decision.  Claimant completed his education through a master's degree.  Claimant has worked in the past as a school teacher and school librarian.  Claimant alleges an inability to work beginning December 19, 2003, due to a "light stroke", anxiety, insomnia, tremors, unstable blood pressure, poor memory, and headaches.

## Procedural History

On November 4, 2004, Claimant filed for disability insurance benefits under Title II of the Social Security Act (42 U.S.C. §

401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Lantz McClain was held on June 20, 2006 in Hugo, Oklahoma. By decision dated September 15, 2006, the ALJ found that Claimant did not qualify for disability benefits. On December 5, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ determined Claimant was not insured as of the date of alleged disability. Consequently, the ALJ found Claimant did not qualify for disability insurance benefits.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in his determination that he was not insured.

**Claimant's Insured Status**

In his *pro se* brief, Claimant contends the ALJ failed to consider the years he worked from 1966 until 2004 in his determination that Claimant did not earn sufficient credit to achieve insured status. This Court notes from the record at the administrative hearing that the ALJ fully apprised Claimant of his right to have a representative present at the hearing, the typical fees charged by any such representative and the availability of a list of possible representatives, should Claimant choose to be

represented. Claimant clearly and unequivocally stated he wished to represent himself at the hearing and waived any right to have an attorney or representative present to represent his interests. (Tr. 191-192).

For a claimant to qualify for disability insurance benefits before attaining the age of full retirement, he must demonstrate he had sufficient earnings for a sufficient period of time on or after the alleged onset date. 20 C.F.R. §§ 404.315(a); 404.130. Specifically, disability insured status is determined through four different avenues, designated under the regulations as four different "rules" for determining whether a claimant is insured. Rule II requires that a claimant become disabled before age 31. Rule III requires a claimant to have had a period of disability before age 31. Rule IV requires a claimant to be statutorily blind. The evidence does not support the application of any of these rules. 20 C.F.R. § 404.130(c),(d), and (e).

Rule I requires that a claimant (1) be fully insured; and (2) have at least 20 quarters of coverage in the applicable 40 quarter period. 20 C.F.R. § 404.130(b). The applicable 40 quarter period is calculated back from the alleged onset date. Id.

In this case, the record indicates Claimant had not reached the age of full retirement age at that time he applied for benefits. 20 C.F.R. § 404.315(a). Therefore, he must demonstrate he has had sufficient earnings to be insured for disability. Id.

5

Claimant's earnings records do not demonstrate he sustained sufficient earnings for the requisite 20 quarters to attain insured status. During the 40 quarter period prior to the date of alleged onset, Claimant acquired earnings in 12 quarters. Thus, he did not become insured as required by 20 C.F.R. § 404.130(b). Indeed, Claimant admits in his brief that he falls short of the requisite number of quarters during the relevant period. His assertion that his earnings from a period outside of the 40 quarters preceding his alleged onset date runs contrary to the applicable regulation.

Like the ALJ, this Court is sympathetic with Claimant's plight. By all accounts, he suffers from, as the ALJ describes, "a marked degree of functional limitation." (Tr. 16). However, the technical aspects of the qualification requirements for awarding disability insurance benefits precludes ruling in Claimant's favor. The ALJ's analysis is complete, correct and not erroneous.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure

to object to the Report and Recommendation within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 27th day of November, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE